IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JORDAN REINOEHL,<br><br>Plaintiff,<br><br>v.<br><br>A. GAETANO, et al.,<br><br>Defendants. | No. 2:25-cv-1399-DMC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint. See ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

/ / /

/ / /

1    Moreover, the Federal Rules of Civil Procedure require that complaints contain a
2 ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.
3 Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See
4 McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir.1996) (referring to Fed. R. Civ. P. 8(e)(1)).
5 These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim
6 and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).
7 Because Plaintiff must allege with at least some degree of particularity overt acts by specific
8 defendants which support the claims, vague and conclusory allegations fail to satisfy this
9 standard. Additionally, it is impossible for the Court to conduct the screening required by law
10 when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

13    Plaintiff filed the original complaint on May 16, 2025. See ECF No. 1. In the
14 complaint, Plaintiff brings claims against Defendant Gaetano, Defendant Young, the Associate
15 Warden, and the California Department of Corrections and Rehabilitation (erroneously named as
16 "California Department of Corrections"). See id. at 2. Both Defendant Gaetano, Defendant Young
17 are Correctional Officers at Mule Creek State Prison. See id.
18    Plaintiff alleges that, on January 14, 2025, he was "wrongfully accused of taking
19 something" by Defendant Gaetano and Defendant Young. See id. at 3. Plaintiff contends these
20 accusations were false. See id. at 2. According to Plaintiff, being labeled a thief in jail by a
21 correctional officer puts him in a dangerous situation and is a personal safety risk. See id. Plaintiff
22 contends that he suffered mental anguish, emotional distress, mental distress and was hated by
23 other inmates and correctional officers because of the Defendants' actions. See id.
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

## II. DISCUSSION

The Court finds Plaintiff's Eighth Amendment deliberate indifference to safety claim against Defendants Gatano and Young is cognizable. Plaintiff's claim against California Department of Corrections and Rehabilitation (CDCR), however, cannot proceed because that defendant is immune under the Eleventh Amendment. Plaintiff's claim against the Associate Warden also cannot proceed because Plaintiff fails to allege facts sufficient establish supervisor liability. While Plaintiff's claim against CDCR cannot be cured, as explained below, Plaintiff will be provided leave to amend as to his claim against the Associate Warden.

### A.    **Supervisor Liability**

Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may be liable even where such personnel do not overtly participate in the offensive act. See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc). A supervisory defendant may also be liable where he or she knew of constitutional violations but failed to act to prevent them. See Taylor, 880 F.2d at 1045; see also Starr v. Baca, 633 F.3d 1191, 1209 (9th Cir. 2011).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).

///

Here, Plaintiff has not alleged sufficient facts to establish supervisor liability as to the Associate Warden. Specifically, Plaintiff has not alleged facts to show the Associate Warden's personal involvement in the claimed violations. Thus, Plaintiff's claim against the Associate Warden proceeds on a theory of respondeat superior, which is not a cognizable theory in a civil rights action. Plaintiff will be provided an opportunity to amend.

### B.     Eleventh Amendment Immunity

The Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states. See Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991). This prohibition extends to suits against states themselves, and to suits against state agencies. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A state's agency responsible for incarceration and correction of prisoners is a state agency for purposes of the Eleventh Amendment. See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (en banc).

Here, Plaintiff has named CDCR as a defendant. Because CDCR is the state's agency responsible for incarceration and correction, it is immune under Eleventh Amendment and cannot be sued. Plaintiff cannot state a claim against CDCR. This defect is not subject to cure by way of further amendment.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

///

1    If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the
2 conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See
3 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how
4 each named defendant is involved and must set forth some affirmative link or connection between
5 each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167
6 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
7    Because the complaint appears to otherwise state cognizable claims, if no amended
8 complaint is filed within the time allowed therefor, the Court will issue findings and
9 recommendations that the claims identified herein as defective be dismissed, as well as such
10 further orders as are necessary for service of process as to the cognizable claims.
11    Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a first amended
12 complaint within 30 days of the date of service of this order.

**Dated:  June 11, 2025**

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE